NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSA JERONIMO-MATIAS; et al., <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 17-71716 <br> 18-70289 <br><br> Agency Nos. A202-122-392 <br> A202-122-393 <br> A202-122-394 <br> A202-122-395 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2020[**]
San Francisco, California

Before: WALLACE and R. NELSON, Circuit Judges, and GWIN,[***] District Judge.

Petitioner Rosa Jeronimo-Matias seeks review of a decision by the Board of

Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). As the parties are familiar with the facts, we will not recount them here. We have jurisdiction under 8 U.S.C. § 1252, and deny the petition.

"We review the BIA's denials of asylum, withholding of removal, and CAT relief for substantial evidence." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). A finding by the IJ is supported by substantial evidence unless any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017). To the extent the BIA incorporates the IJ's decision as its own, the panel reviews "both opinions." *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 n.3 (9th Cir. 2004).

1.      We affirm the BIA's determination that Petitioner failed to establish membership in a particular social group consisting of "women unable to leave a relationship." Petitioner testified that she was able to leave her abuser and has not heard from him. In light of this testimony, and the record evidence as a whole, a reasonable adjudicator would not be compelled to conclude that Petitioner was "unable to leave" her relationship under Matter of A-R-C-G-, 26 I. & N. Dec. 388, 393 (BIA 2014)." While Petitioner argues on appeal that she is also a member of other particular social groups, we lack jurisdiction to consider new particular social groups for the first time. 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674,

678 (9th Cir. 2004).

2.    We also affirm the BIA's denial of Petitioner's motion to reopen. Denials of motions to reopen and remand are reviewed for abuse of discretion and will not be reversed unless "arbitrary, irrational, or contrary to law." *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). The BIA determined Petitioner's assertions that her abuser had began searching for her in 2016 would not have changed the outcome in the case because these newly asserted facts had no bearing on her ability to leave in 2014. That determination was not arbitrary, irrational, or contrary to law, and the BIA did not abuse its discretion.

**PETITION FOR REVIEW DENIED.**